FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 09 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLINT MARLIN, Each Individually and                                    PLAINTIFF
on Behalf of All Others Similarly Situated

vs.                              No. 3:19-cv-355-JM

CROSS COUNTY, ARKANSAS                                                 DEFENDANT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Clint Marlin ("Plaintiff"), individually and on behalf of all others similarly situated, by and through their attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Cross County, Arkansas ("Defendant"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.   Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated employees proper overtime

This case assigned to District Judge  Moody
and to Magistrate Judge  Deere

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiffs within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Cross County.

8. Plaintiff was employed by Defendant as a Jailer within the three (3) years prior to the filing of this Complaint.

9. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

10. As an employee of Defendant, Plaintiff was an employee of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

11. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

12. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

13. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

14. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

15. Defendant operates the Cross County Sheriff's Office where Plaintiff was employed within the past three (3) years as a Jailer.

16. Defendant can be served through the Cross County Judge, who is Donnie Sanders, at 705 Union Avenue East, Suite 4, Wynne, Arkansas 72396.

17. At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

### IV.    FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19. Plaintiff was employed as an hourly-paid employee of the Cross County Detention Center, a department the county, from May of 2019 until November of 2019.

20. At all times relevant to the allegations in this Complaint, Plaintiff has been employed by Defendant as a Jailer.

21. Upon information and belief, Defendant established a "work period" of 171 hours in a 28-day period for Jailers pursuant to the FLSA.

22. Plaintiffs and other Jailers were routinely required to work in excess of 171 hours in a 28-day period.

23. Defendant knew that Plaintiff and other Jailers worked in excess of 171 hours in a 28-day period, and Defendant required them to do so.

24. Plaintiff and other Jailers were not paid for all hours worked.

25. Defendant did not pay Plaintiff and other Jailers one and one-half (1.5) times their regular rate for their hours worked over 171 in a 28-day period.

26. Defendants did not provide Plaintiff and other Jailers with compensatory time off at a rate of one and one-half (1.5) hours for their hours worked over 171 in a 28-day period.

27. The actual day-to-day job duties and responsibilities of Plaintiff and other Jailers did not qualify them for an exemption under the FLSA with respect to payment for time worked in excess of 171 hours in a 28-day period.

28. During the court course of their employment, Plaintiff and other Jailers did not manage the enterprise or a customarily recognized subdivision of the enterprise.

29. Plaintiff and other Jailers had no ability to hire and fire any employee.

30. Plaintiff and other Jailers did not have any control of or authority over any employee's rate of pay or working hours.

31. Plaintiff and other Jailers did not maintain or prepare production reports or sales records for use in supervision or control in the business.

32. Plaintiff and other Jailers did not have responsibility for planning or controlling budgets.

33. Defendant expected Plaintiff and other Jailers to follow Defendant's policies regarding their employment.

34. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and its other Jailers violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff brings his FLSA claim on behalf of all hourly-paid Jailers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of 171 hours in a 28-day work period; and

B. Liquidated damages and attorneys' fees and costs.

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written Consents to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay or compensatory time for hours worked over 171 hours in a 28-day period.

41. Plaintiff is unable to state the exact number of the potential members of the FLSA class but believes that the class exceeds 25 persons.

42. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

Page 6 of 12
Clint Marlin, et al. v. Cross County, Arkansas
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-____
Original Complaint—Collective Action

## V. FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

60. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

61. 29 U.S.C. § 207 requires any public agency to pay employees engaged in law enforcement activities one and one-half (1.5) times their regular wages for all hours worked over 171 in a 28-day period if such an election has been made.

62. The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

63. Despite the entitlement of Plaintiff to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

64. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

67. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

68. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

69. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over 171 hours in a 28-day period if such an election has been made.

71. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

72. Despite the entitlement of Plaintiff to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

73. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs,

including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

76. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA.

78. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

79. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

80. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of 171 hours in a 28-day period if such an election has been made.

81. The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

82. Defendant failed to pay Plaintiff and those similarly situated lawful overtime payments or lawful compensatory time, despite their entitlement thereto.

83. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All Jailers within the past three years.**

84. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Clint Marlin, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

C. For orders regarding certification of and notice to the proposed collective action members;

D. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed class and collective members under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class and collective members during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CLINT MARLIN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Stacy Gibson
Stacy Gibson
Ark Bar No. 2014171
stacy@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com