# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CLINT MARLIN, each individually and**
**on behalf of all others similarly situated**                                **PLAINTIFF**

V.                                     3:19CV00355 JM

**CROSS COUNTY, ARKANSAS**                                                **DEFENDANT**

## ORDER

Pending is Defendant Cross County, Arkansas's motion for summary judgment. Plaintiff has responded and Defendant has replied. For the reasons set forth below, the motion is granted.

Plaintiff Clint Marlin was employed by Cross County Arkansas as a jailer for 15 weeks in 2019. As a jailer, Plaintiff was responsible for dispensing medication, toiletries, and other items to prisoners and for booking prisoners into the system. Plaintiff worked a staggered schedule. He worked three 12-hour shifts a week followed by four 12-hour shifts the next week. Plaintiff claims the County did not pay him for all the overtime hours he worked in violation of the Fair Labor Standards Act. Plaintiff further claims that when his unpaid overtime hours are added to the number of hours he worked, his hourly wage was less than the minimum required by federal and Arkansas law.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the movant has met the initial burden, the nonmoving party may not rest upon mere allegation or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 256. This is particularly important where the opposing party bears the burden of proof. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249–50. The mere existence of a scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Id*. at 252. The judge's inquiry, therefore, must be whether reasonable jurors could find by a preponderance of the evidence that the opposing party is entitled to a verdict.

The FLSA requires payment of overtime compensation of at least time and a half for hours worked over forty hours per week. 29 U.S.C. § 207. An employee must be compensated for duties "before and after scheduled hours ... if the employer knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity." *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975) (internal citations and quotations omitted).

To prevail on his overtime claim, Plaintiff must present evidence that he worked more than his scheduled hours without compensation and that the County knew or should have known that he was working overtime. *See Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997). Because constructive knowledge of overtime work is sufficient to establish liability under the FLSA, if the County, through reasonable diligence, should have acquired knowledge that Plaintiff was working in excess of his scheduled hours, a jury would be empowered to find the County liable. *See Hertz v. Woodbury Cty., Iowa*, 566 F.3d 775, 781 (8th Cir. 2009) (citing *Stewart*, 121 F.3d at 406-07).

"If an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process. When the employee fails to follow reasonable time reporting procedures, she prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." *Corriveau v. City of Maumelle, Arkansas*, No. 4:18-CV-00531-KGB, 2020 WL 4391368, at *8 (E.D. Ark. May 11, 2020) (citing *Cage v. Multiband, Inc.*, Case No. 1:12-cv-87 SNLJ, 2015 WL 687120, at *10 (E.D. Mo. Feb. 18, 2015)).

Because "[t]he AMWA has been interpreted to impose the same overtime requirements as the FLSA," there is no need to separately and distinctly evaluate these claims, as the facts arising under each claim are the same and the requirements under each law are the same. *Id.* (quoting *Helmert v. Butterball, LLC*, 805 F.Supp.2d 655 (E.D. Ark. 2011) (citing Phillips v. Pine Bluff, No. 5:07-cv-00207, 2008 WL 2351036, at *5 (E.D. Ark. Jun. 4, 2008)).

Plaintiff was scheduled to work for 36 hours in certain weeks and 48 hours in others. In his deposition, Plaintiff testified that he came to work about an hour early on his workdays to prepare the medication that he would dispense during his shift. (ECF No. 9-2 at p.11:20-25-12:1-6; p. 22:1-7). He stated that he didn't clock in or record those extra hours each week, but County officials could see that he was working extra hours if they looked at the security cameras. He also testified that he worked 26 hours straight during one shift because he was installing a new computer system. He did not record six of them. *Id.* at 8:11-25- 9:1-22. Plaintiff admits that he never complained about these pay issues until he was terminated by the County. At that time, he asked the County Payroll Clerk when he would be fully compensated for his hours. *Id.* at 17:25-18:1-24.

The County contends that, based on Plaintiff's own testimony and timesheets, he was fully compensated for the hours he worked. Plaintiff states that he came to work early on most days. In fact, his timesheets support his testimony. Plaintiff clocked in early and/or clocked out late for 53 of his 57 shifts with the County. Plaintiff was compensated for those hours. The County points out that there is no evidence, not even Plaintiff's testimony, that he worked more than an hour extra per shift.

If as Plaintiff testified, he worked an extra hour each shift, the total number of hours in his 48-hour weeks would be 52. During his short weeks, ones where he was scheduled to work only 36 hours, Plaintiff's hours would be 39 and he would not be entitled to overtime. Out of 15 weeks of employment with the County, Plaintiff worked approximately eight 48-hour weeks. Viewing the evidence in the light most favorable to Plaintiff, he was entitled to 96 hours of overtime (52 hours minus 40 equals 12 hours overtime x 8 weeks) for time spent preparing for the distribution of prisoners' medication and 14 hours of overtime (14 hours over his scheduled 12-hour shift) for time spent installing the new computer system, for a total of 110 hours. It is undisputed that the County paid Plaintiff for 157 hours of overtime. There is no evidence in the record that Plaintiff worked more than one hour beyond his scheduled work time per workday, with the exception of the computer installation, as Plaintiff now claims in his Response to the motion. Reasonable jurors could not find by a preponderance of the evidence that the Plaintiff is entitled to a verdict on his FLSA overtime claim.

Further, it is undisputed that Plaintiff never complained about the County's failure to pay him adequate overtime. He claims the County should have known he was working overtime because they could look at the security cameras. However, Plaintiff was turning in extra hours on his time sheets nearly every day. There was no reason for the County to question whether

Plaintiff was turning in the overtime hours he deserved. "The FLSA's standard for constructive knowledge in the overtime context is whether the County 'should have known,' not whether it could have known." *Hertz v. Woodbury Cty., Iowa*, 566 F.3d 775, 782 (8th Cir. 2009). It would not be reasonable to require that the County weed through security camera footage to determine whether or not its employees were working beyond their scheduled hours. "This is particularly true given the fact that the County has an established procedure for overtime claims that Plaintiff regularly used." *Id.* (citing *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995) (warning that requiring an employer take additional action would essentially relieve officers of their obligation to follow established overtime-pay procedures)).

Plaintiff's AMWA claim is based on his allegation that he worked three to four hours per week in addition to the hours he recorded. As stated above, Plaintiff's testimony does not support this allegation. Therefore, Plaintiff has failed to state a claim under AMWA.

The County's motion for summary judgment (ECF No. 7) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 15th day of March, 2021.

James M. Moody Jr.
United States District Judge